UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:16-cr-286

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Taylor Hunt,

    Defendant.

### I.    INTRODUCTION AND BACKGROUND

Defendant Taylor Hunt, an inmate at Federal Correctional Institution – Elkton in Lisbon, Ohio, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. No. 28). The government opposes Hunt's motion. (Doc. No. 33). The government also filed a notice of supplemental authority and updated information concerning the distribution of Covid-19 vaccines to staff members and inmates. (Doc. No. 34).

In September 2016, Hunt was indicted on one count of knowingly receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). He pled guilty and I subsequently sentenced him to 72 months in prison and a supervised-release term of 10 years, well below his Guidelines range of 151 to 188 months. (Doc. No. 25). Hunt did not appeal.

On June 4, 2020, Hunt filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 28). He asserts he has Type 1 diabetes, placing him at an increased risk for severe complications from Covid-19. (*Id.* at 1). He submitted a request for compassionate release to

the warden at FCI Elkton on April 16, which was denied 11 days later. (*Id.*). He also states he was informed he tested positive for Covid-19 on May 11. (*Id.*). Hunt's motion, dated 14 days after his positive test, does not indicate if he suffered serious complications or if he was experiencing symptoms of Covid-19.

The government argues Hunt has not established extraordinary and compelling reasons to justify a reduction of his sentence and that, even if he had, the nature of his offense and the fact that he has served less than half of his prison term counsel against a reduction of his sentence.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also "must find that the defendant 'is not a danger to the safety of any other person or to the community.'" *Id.* (quoting USSG § 1B1.13(2) (citing 18 U.S.C. § 3142(g)); *see also United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("If these criteria are satisfied, the district court 'may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

2

without conditions that does not exceed the unserved portion of the original term of imprisonment).'" (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). "These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons 'other than, or in combination with' the first three elements." *United States v. Whitsell*, No. 09-CR-20236, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) (citing U.S.S.G. § 1B1.13, cmt. n.1(A)-(D)).

Hunt points to his diabetes and the fact that he takes medication for his cholesterol as a sufficient basis to establish his health is an extraordinary and compelling reason to reduce his sentence. While these conditions conceivably place him at higher risk of severe complications, Hunt does not allege he actually suffered severe complications after contracting Covid-19. "Many courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling." *United States v. Smith*, No. 17-CR-20753, 2020 WL 5440331, at *4 (E.D. Mich. Sept. 10, 2020) (citing cases).

Given the fact this coronavirus is novel, there remain many unknowns, particularly in the area of future risk. There is not enough evidence to determine how long any potential immunity a person infected with Covid-19 develops may last or whether an individual is less likely to experience severe complications if re-infected. Thus, the fact that Hunt contracted Covid-19 once does not mean his concerns have been mooted.

Even if I assume Hunt can meet his burden of showing extraordinary and compelling reasons, however, he fails to show a sentence reduction would be consistent with § 3553(a) or § 3142. The first hurdle he faces is the Attorney General's instruction that "[s]ome offenses, such as sex offenses, will render an inmate <u>ineligible for home detention</u>." Attorney General William P.

3

Barr, Memorandum for Director of Bureau of Prisons, Re: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, Office of the Attorney General (Mar. 26, 2020) at 2 (emphasis added).

Hunt has served less than half of his below-Guidelines-range sentence, and a further-reduced sentence would not be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2); 18 U.S.C. § 3142(g)(1), (4). *See also Smith*, 2020 WL 5440331, at *5 (use of the term "danger" in § 3421(g)(4) includes crimes that harm the community, such as sex offenses involving minors).

While I am not unsympathetic to his concerns for his health, I conclude Hunt fails to establish extraordinary and compelling reasons to justify a reduced sentence or that a reduced sentence would satisfy the objectives of § 3553(a).

### III. CONCLUSION

For these reasons, I deny Hunt's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

4